# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LOUIS DONOVAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 17-09291-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On December 29, 2017, Robert Louis Donovan ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on April 16, 2018. On September 5, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this action dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 55 year-old male who applied for Social Security Disability Insurance benefits on March 12, 2014, alleging disability beginning November 10, 2012. (AR 17.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 10, 2012, the alleged onset date. (AR 19.)

Plaintiff's claim was denied initially on January 1, 2000, and on reconsideration on September 12, 2014. (AR 17.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Henry Koltys on March 18, 2016, in Santa Barbara, California. (AR 17.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 17.) Vocational expert ("VE") Kristan Cicero also appeared and testified at the hearing. (AR 17.)

The ALJ issued an unfavorable decision on August 12, 2016. (AR 17-25.) The Appeals Council denied review on November 21, 2017. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

    1.    Whether the ALJ properly considered the VA disability ratings.

    2.    Whether the ALJ properly considered Plaintiff's statements about his symptoms.

    3.    Whether the ALJ properly considered the opinions of treating physicians.

    4.    Whether the ALJ properly considered other opinions and observations.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 10, 2012, the alleged onset date. (AR 19.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease, lumbar spine; mild left foot arthritis. (AR 19-20.)

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 20.)

The ALJ then found that Plaintiff had the RFC to perform medium work as defined in 20 CFR § 404.1567(c) with the following limitations:

> . . . occasionally climb stairs/ramps, balance, stoop, kneel, crouch, crawl; never climb ladders, ropes, scaffolds; avoid concentrated exposure to extreme cold, heat, wetness, humidity, and hazards.

(AR 21-23.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 21.)

At step four, the ALJ found that Plaintiff is not able to perform his past relevant work as a systems specialist, test mechanic, emergency medical technician, avionic technician, chauffeur, and telephone line repairer. (AR 23.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of hand packager, stores laborer, and dining room attendant. (AR 24.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 25.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence in assessing Plaintiff with a medium work RFC. The ALJ also properly discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

*///*
*///*
*///*
*///*

# I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

## A. The ALJ Properly Considered The Medical Evidence

Plaintiff contends that the ALJ failed to properly consider the assessments of medical and other sources in assessing his RFC and also failed to consider the disability rating of the Veterans Administration ("VA"). The Court disagrees.

### 1. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons,

supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

        2.       Analysis

Plaintiff alleges back, neck, feet, and hands impairments that restrict his ability to work. (AR 21; JS at 7.) He claims he had been in a wheelchair on and off for three years. (AR 21.) He also reported problems with frostbite injuries that affect his hands. (AR 21, JS 11.) The ALJ did find that Plaintiff has the medically determinable severe impairments of lumbar degenerative disc disease and mild left foot arthritis. (AR 19.) The ALJ, however, also assessed a medium work RFC except Plaintiff may only occasionally climb stairs/ramps, balance, stoop, kneel, crouch, crawl; never climb ladders, ropes, and scaffolds; and must avoid concentrated exposure to extreme cold, heat, wetness, humidity, and hazards. (AR 20-21.)

The ALJ's RFC is based largely on medical evidence from the VA but also partly on the opinion of the SSA consulting neurosurgeon, Dr. Thomas Jones, and outside physical therapists. (AR 22, 754-55, 760-762.) On October 25, 2013, Dr. Jones reviewed an MRI report in regard to Plaintiff's complaints of low back pain at the lumbosacral level. Id. Although the MRI showed degenerative changes and diffuse disc bulge at L4-5, there was no spinal stenosis

or foraminal stenosis at any level.  Id.  Because of the minimal findings on the imaging studies, Dr. Jones did not recommend injections or surgery.  Id.  In December 2015, an MRI of the lumbar and cervical spine showed only degenerative changes with some foraminal narrowing but no evidence of spinal canal stenosis or nerve root impingement.  (AR 22, 1113-1118.) There had been no significant interval change from prior examinations.  (AR 1116.)  The ALJ concluded that the imaging studies do not support Plaintiff's claim of severe spinal injuries and his physicians have not provided treatment that would be expected of the severe conditions Plaintiff alleges.  (AR 21.)

Plaintiff reported to the VA in May 2015 that physical therapy had been "extremely beneficial" for his neck and back pain.  (AR 22, 1226.)  There is no support in the record that Plaintiff has been in a wheelchair.  (AR 22.)  In fact, despite a November 2012 alleged onset date, Plaintiff continued to be in the Reserves through July 2014.  (AR 22.)  In January 2014, Plaintiff reported running eight miles three times a week.  (AR 22.)  He ran 10 miles in February 2014.  (AR 22.)  His goal in physical therapy was to improve his running tolerance.  (AR 22.) Plaintiff's treating physician Dr. Richard Martin noted in April 2015 that Plaintiff was independent with his activities of daily living without functional or gait deficits.  (AR 22, 1247.) Another VA treating physician in April 2015 did not recommend a cane despite Plaintiff's allegations of pain because he was without functional or gait deficits.  (AR 22, 1252.) Nonetheless, Plaintiff challenges the ALJ's RFC.  Plaintiff raises three challenges to the ALJ's treatment of medical evidence.

       a.  Dr. Blum And Dr. Lemons

Dr. Joseph Blum provided a medical source statement on April 17, 2014, opining that Plaintiff could lift less than 10 pounds, stand and walk less than 2 hours in an 8 hour work day, sit less than 6 hours a day, and needs a cane and can never climb, balance, stoop, kneel, or crawl.  (AR 22, 1110-1111.)  The ALJ gave little weight to this opinion because the "extreme limitations" Dr. Blum assessed were completely inconsistent with the Claimant's activities of daily living such as running long distances and with the medical record that showed "very little objective evidence of any serious condition."  (AR 22.)  An ALJ may reject a treating physician's

opinion that does not have supportive evidence, is contradicted by other evidence, is not supported by the record as a whole, and is unsupported by or inconsistent with his or her treatment notes. Batson v. Commissioner, 359 F.3d 1190, 1195 & n.3 (9th Cir. 2004.)

Plaintiff asserts that the ALJ erred in giving little weight to Dr. Blum's RFC assessment. The Court disagrees. Dr. Blum's assessed limitations are contradicted or unsupported by the imaging evidence. Dr. Blum ordered a lumbar MRI in 2013 that showed degenerative disc disease that was moderately severe at L5-S1. (AR 793.) Dr. Blum referred Claimant to Dr. Jones, a neurosurgeon, who in October 2013 reviewed the MRI and after noting that there is no spinal canal stenosis concluded that injections and surgery were not warranted. (AR 22, 754-755.) As already noted, subsequent MRIs, including one in December 2015, also showed only mild to moderate degenerative disc disease with no significant interval change. (AR 22, 1113-1118.)

Dr. Blum's limitations also are contradicted by Plaintiff's other VA treating physicians. In April 2015, treating physician Dr. Richard Martin wrote that, "Although patient complains of severe pain and limitations, on further history and exam, patient is independent with ADLs [activities of daily living], <u>without functional or gait limitations</u>."[1] (AR 21, 1247 (emphasis added).) Plaintiff acknowledges that State agency reviewing physicians rejected Dr. Blum's assessed limitations, including lifting, feeling, and handling limitations. (JS 47.) They found Dr. Blum's assessment to be unsupported by other evidence of record, heavily reliant on Claimant's subjective symptom allegations and an overstatement of the severity of Plaintiff's restrictions and limitations. (AR 567-587, esp. 575, 585-586.) They found Plaintiff's impairments to be nonsevere and assessed a medium work RFC. (Id.) Although Dr. Blum recommended a cane in his April 27, 2014 Medical Source Statement, another VA treating

---

[1] Plaintiff tries to blunt Dr. Martin's conclusion by asserting that Dr. Martin also stated Plaintiff was sedentary and did not walk more than 400 yards at a time. (AR 1249.) The comment, however, is contained in a section labeled "Functional History" and is what Plaintiff reported, not an assessment proffered by Dr. Martin. It does not make sense that, after opining that Plaintiff was without functional or gait limitations, Dr. Martin would ascribe the remarks Plaintiff attributes to him.

physician in April, 2015 did not recommend a cane as Claimant is "without gait [deviations] or imbalance." (AR 1252.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ also found that Dr. Blum's RFC assessment was inconsistent with Plaintiff's activities of daily living. (AR 22.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216. Here, the ALJ documented Plaintiff's running program through at least February 2014. (AR 22.) The ALJ found that being able to run several miles with tolerable pain is "strong evidence that the Claimant possesses the exertional capacity to perform medium work." (AR 22.) The ALJ also found that Claimant's goal in physical therapy was not to reduce pain or become more functional but to improve his running tolerance. (AR 22.) Plaintiff reported in May 2015 that physical therapy had been "extremely beneficial" for his back and neck pain. (AR 21.)

The ALJ gave little weight to the short statement of Dr. Robert Lemons on August 5, 2016. (AR 22-23, 31.) Dr. Lemons indicated Plaintiff should elevate his feet and legs as much as possible for his L5/S1 pain. (AR 31.) He also cited a need for orthopedic devices while seated and assistance in using his left hand for fine manipulation. (AR 31.) Dr. Lemons' statement is unaccompanied by any objective medical evidence. (JS 50.) As already noted, an ALJ may reject an opinion that does not have supportive evidence. Batson, 359 F.3d at 1195 & n.3. Plaintiff argues that Dr. Lemons' opinion is supported by the entire extensive medical record consisting of VA records, but does not make specific citation to the record, and no record evidence indicates that Dr. Lemons treated Plaintiff, examined him, or even reviewed VA records. (JS 50.)

As a result, the ALJ made an appropriate inference that Dr. Lemons based his short opinion letter on Plaintiff's complaints and symptom allegations, the same types and symptoms already alleged. (AR 22-23.) Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996) (an ALJ may make reasonable inferences from the record). As discussed below, the ALJ discounted Plaintiff's subjective symptom allegations. A physician's opinion based on subjective

complaints of a claimant whose credibility has been discounted can be properly disregarded. Tonapetyan, 242 F.3d at 1150.

Plaintiff disputes the ALJ's interpretation of the record, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ gave specific, legitimate reasons supported by substantial evidence for giving little weight to the opinions of Dr. Blum and Dr. Lemons.

### b. Other Sources

Plaintiff contends that the ALJ did not give proper consideration to the opinions and observations of three non-physician medical sources, physician assistants Michael Harvey and Joan Sekler and nurse Donna Williams. These professionals are not acceptable medical sources that can establish medically determinable impairments. 20 C.F.R. § 1513(a). They are considered "other sources" who may provide evidence to show the severity of an impairment and how it affects the ability to work. 20 C.F.R. § 1513(d)(1). The ALJ must give "germane reasons" for rejecting other source testimony as with any lay witness. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89. The ALJ did so.

In February 2013, VA physician assistant Michael Harvey opined Plaintiff had some functional impairment of the back based on reduced and painful motion, which limited Plaintiff to lifting, pushing, or pulling ten pounds. (AR 798, 805.) As already noted, Dr. Jones in October 2013 reviewed the MRI ordered by Dr. Blum, found no evidence of spinal stenosis, and concluded that injections and surgery were not indicated. (AR 22, 754-55.) Inconsistency with the medical evidence is a germane reason for discounting lay witness or other source testimony. Bayliss, 427 F.3d at 1218. There was no need for the ALJ to address the physician assistant's evaluation after already rejecting the same 10 pound lifting limitation assessed by Dr. Blum. Additionally, the evidence showed that Claimant was running as much as 10 miles a day through at least February 2014. (AR 22.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216.

In May 2014, Harvey noted a recent MRI that showed moderate lumber degeneration at L 4-5. Harvey again opined a ten pound limit on lifting, pushing, and pulling and that he should not sit more than 30 minutes at a time. (AR 927.) He also wrote that Plaintiff was limited to 25 to 30 minutes standing and walking because of his back pain. (AR 956.) As already noted, however, Plaintiff's physician Dr. Richard Martin in April 2015 found that Claimant, notwithstanding MRI findings, was "independent with ADLs [activities of daily living], without functional or gait limitations." (AR 21, 1247.) Another physician in April 2015 did not recommend a cane, as Claimant is "without gait devitations [deviations] or imbalance." (AR 1252.) The imaging evidence and opinions of the VA physicians cited above also are inconsistent with the findings of both physician assistants Harvey and Joan Sekler. (AR 1356, 1360, 1366, 1385.) Inconsistency with the medical evidence is a germane reason for discounting lay witness or other source testimony. Bayliss, 427 F.3d at 1218.

Plaintiff also cites to a report that, in May 2015, registered nurse Donna Williams observed that Claimant was unable to stand for longer than 15 minutes. (AR 1227.) Yet in that same report Claimant stated that physical therapy has been extremely beneficial for back and neck pain. (AR 21, 1226.) The nurse's opinion also conflicts with the April 2015 VA physician opinions discussed above. Plaintiff's assertion that the ALJ did not address the nurse's report in the ALJ decision is incorrect. (See AR 21.)

The ALJ rejected the opinions of Michael Harvey, Joan Sekler, and Donna Williams for germane reasons supported by substantial evidence.

    c.  VA Disability Ratings

In conflict with the ALJ decision and with the ALJ's assessed RFC is a 90% VA service-connected disability rating. (AR 23.) The rating was not only for Plaintiff's back injury but also includes component parts of 10% for a foot injury, 10% for limited ankle motion for one ankle, 10% for limited flexion of the knee, 20% of intervertebral disc syndrome, 20% for paralysis of the sciatic nerve, and 30% for residuals of a cold injury (frostbite). (AR 890-91; JS 5-6.)

The ALJ noted that the criteria for finding VA disability are not the same as the criteria for Social Security disability. The ALJ further noted that VA findings are not binding on the

Social Security Administration. (AR 23.) In the Joint Statement, the Commissioner observes that the VA does not consider factors relevant to Social Security disability such as ability to perform work in the national economy and whether a claimant's impairments are expected to last 12 months. (JS 12-13, n.5.) The VA and SSA also use different evidentiary standards, such that a SSA claimant has the initial burden of proving disability by a preponderance of the evidence whereas any reasonable doubt about the degree of disability is resolved in favor of a VA claimant. (Id.)

Nonetheless, an ALJ is not permitted to ignore a VA disability rating. McLeod v. Astrue, 640 F.3d 881, 886 (9th Cir. 2011) ("Even though it is not binding or conclusive, the VA disability rating has to be considered.") An ALJ ordinarily must give it "great weight." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). An ALJ may give less than great weight to a VA disability rating only with persuasive, specific, valid reasons for doing so that are supported by the record. Id. The Commissioner does not dispute Plaintiff's recitation of the law.

Plaintiff inaccurately contends that the ALJ did not provide any specific reason for according less than great weight to the VA disability rating or for rejecting it. The ALJ discussed the medical evidence on which the VA disability rating was based. The ALJ rejected the RFC assessment of VA physician Dr. Blum and relied on the assessment of VA physician Dr. Martin who found that Plaintiff was independent with his activities of daily living without functional or gait limitations. (AR 21.) The ALJ also relied on another VA physician who did not recommend a cane (AR 21) and considered evidence from physical therapists not from the VA to whom Plaintiff reported running 10 miles. (AR 760-762.) The ALJ found that the medical record discussed in the ALJ decision does not support greater limitations than those assessed in the ALJ's RFC. (AR 23.) The Court takes that to mean that the ALJ offered the medical evidence cited in the decision as a reason for not giving great weight to the VA disability rating evidence. The Ninth Circuit has held that the support of the record as a whole, including evidence not available to the VA which undermined its determination, is a valid reason for according less than great weight to the VA disability rating evidence. Valentine v. Comm. of Soc. Sec. Adm., 574 F.3d 685, 694-95 (9th Cir. 2009) (rejection of VA medical opinions and

new evidence not considered by VA are valid reasons for deviating from VA disability rating); Lerch v. Colvin, 583 F. App'x 608, 609 (9th Cir. 2014) (rejecting VA rating based on medical opinion rejected by ALJ).[2]

The ALJ provided specific, valid reasons for not giving great weight to the VA disability rating.

### B. The ALJ Properly Discounted Plaintiff's Subjective Symptom Allegations

Plaintiff contends that the ALJ erred in discounting his subjective symptom allegations. The Court disagrees.

#### 1. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is

---

[2] Plaintiff asserts incorrectly that the ALJ's only mention of Plaintiff's foot problem is a left foot hammer toe that the ALJ determined to be nonsevere. (AR 19.) Plaintiff noted that he had other foot issues such as flat feet, plantar fascitis, bilateral hallux rigidus, and right foot hammer toes. (AR 945.) The ALJ, however, specifically noted that an X-ray of the Claimant's left foot showed only mild degenerative arthritis. (AR 22.) The ALJ also cited Plaintiff's ability to run long distances. (AR 22.)

Plaintiff noted that VA records document a problem with his hands as a residual of frostbite. The ALJ, however, acknowledged Plaintiff's frostbite injuries (AR 21) and included a limitation in Plaintiff's assessed RFC to "avoid concentrated exposure to extreme cold." (AR 20-21.)

evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

2. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 21.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 21.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff 's subjective symptom allegations were not consistent with the medical evidence. (AR 21-23.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged subjective symptoms so long as it is not the only reason for discounting a claimant's allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, imaging studies showed no evidence of spinal canal stenosis, treating VA physicians found Claimant to be independent with his activities of daily living without functional or gait deficits, and the medical record showed "very little objective evidence of any serious condition." (AR 21, 22.)

Second, the ALJ recorded that Plaintiff received only conservative treatment. An ALJ may consider conservative treatment in evaluating subjective symptom allegations. Tommasetti, 533 F.3d at 1039. Here, the ALJ found that Claimant's treating physicians "have not responded with the type of treatment that would be expected were the Claimant's condition so severe as he claims." (AR 21.) Dr. Jones found that the imaging studies did not indicate injections or surgery. (AR 22.) A treating VA physician did not recommend a cane. (AR 21.)

Plaintiff admitted physical therapy had been "extremely beneficial" for his back and neck pain. (AR 21.) See Tommasetti, 533 F.3d at 1040 (describing physical therapy as conservative treatment).

Third, the ALJ determined that Plaintiff's daily activities were inconsistent with disabling limitations, which is a legitimate consideration in evaluating a claimant's subjective symptom allegations. Bunnell, 947 F.2d at 345-46. Here, Plaintiff alleged a disability onset date of November 10, 2012 (AR 17), but he remained in the Reserves until at least July 2014, was running 8 miles three days a week in January 2014, and ran 10 miles in February 2014. (AR 22.) The ALJ found that "[b]eing able to run these distances, with pain that does not worsen until the one-mile distance, is strong evidence that the Claimant possesses the exceptional capacity to perform medium work." (AR 22.) Plaintiff did not stop working because of disability but because he was fired. (AR 22.) See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ did not err in considering Claimant left job for reasons other than his impairment). He also pursued litigation against his employer to get his job back, suggesting he believed himself capable of full time employment. See Carmickle v. Comm'r, 533 F.3d 1155, 1162 (9th Cir. 2008) (holding oneself out as available for full time work is inconsistent with disability allegations ). The ALJ viewed these facts as evidence that Claimant's physical and mental state would not have prevented him from working. (AR 22.) Records in March 2014 indicated that Plaintiff drove or flew to Kansas City every one to two months. (AR 22.) In January 2016, he helped a friend with an aircraft doing wire wrapping. (AR 22.) Plaintiff's VA physician found he was independent with his activities of daily living without functional or gait deficits. (AR 22.) Plaintiff argues that the daily activities cited above do not prove he can work but they do suggest Claimant has greater functional abilities than alleged. See Valentine, 574 F.3d at 694.

Again, it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence

\* \* \*

The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED:  February 21, 2019

                                                 */s/ John E. McDermott*
                                              JOHN E. MCDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE